NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA SURATOS LORICA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.   20-71117 Agency No. A095-271-411 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, and CLIFTON and FRIEDLAND, Circuit
Judges.

Cynthia Lorica, a native and citizen of the Philippines, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her second motion to

reopen.  Lorica claims her husband as a derivative beneficiary.  We have

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we review for abuse of discretion the denial of a motion to reopen. *Silva v. Garland*, 993 F.3d 705, 717 (9th Cir. 2021). We deny the petition.

Lorica first entered the United States in 1992 and obtained lawful permanent resident status in 2007. In 2013, however, Lorica pleaded guilty to bank fraud and tax evasion, for which she was sentenced to 18 months in prison and ordered to pay over one million dollars in restitution. Lorica was served with a Notice to Appear, which claimed she was removable as an alien convicted of an aggravated felony after admission, and an immigration judge ("IJ") sustained the charge. Lorica then sought an adjustment of status, but the IJ declined to grant her a discretionary waiver, and the BIA dismissed her appeal. Lorica filed a motion to reopen and, later, a motion for reconsideration, both of which the BIA denied. Lorica petitioned for review of all three adverse rulings, and in March 2019, we dismissed in part and denied in part all three petitions. *See Lorica v. Barr*, 764 F. App'x 581, 582 (9th Cir. 2019).

Five months later, Lorica filed a second motion to reopen, alleging that she is eligible for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on changed circumstances in the Philippines, namely President Duterte's "war on drugs" and a recent increase in extra-judicial killings. Lorica contended that, if returned to the Philippines, she would be a target

2

based on her criminal history, her political opinion, and her perceived wealth as someone who spent extended time in the United States.

The BIA did not abuse its discretion in denying Lorica's second motion to reopen. First, we agree with the BIA that Lorica's conviction constituted an aggravated felony, which renders her ineligible for asylum. *See* 8 U.S.C. § 1101(a)(43)(M)(i) (an offense involving fraud or deceit in which the loss to the victim exceeds $10,000 is an aggravated felony); *id.* § 1158(b)(2)(B)(i) (an aggravated felony is considered a "particularly serious crime" for purposes of asylum eligibility); *id.* § 1158(b)(2)(A)(ii) (aliens convicted of particularly serious crimes are ineligible for asylum).

Second, the BIA acted within its discretion in ruling that Lorica failed to establish prima facie eligibility for withholding of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Silva*, 993 F.3d at 718. Lorica's application indicates that she is seeking relief in part based on her political opinion, but as the BIA acknowledged, her application, her unsworn declaration, and her motion to reopen failed to explain what her political opinion is. Because Lorica did not exhaust this argument before the agency, we lack jurisdiction to consider it. *See Arsdi v. Holder*, 659 F.3d 925, 928-29 (9th Cir. 2011).

Similarly, Lorica contends that she would face persecution on account of her status as a criminal and her perceived wealth as a repatriated Filipino, but she has

not established that either category constitutes a viable particular social group for purposes of withholding of removal. *Cf. Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (denying motion to reopen and holding that "returning Mexicans from the United States" was not a cognizable social group for purposes of asylum or withholding of removal). The BIA therefore did not abuse its discretion in concluding that Lorica failed to make a prima facie case for withholding of removal.

The BIA also did not abuse its discretion in concluding that Lorica failed to make out a prima facie case for CAT relief. The BIA reasonably concluded that Lorica's speculation in her motion to reopen and declaration were insufficient to show a probability of torture if removed to the Philippines. *Silva*, 993 F.3d at 719; *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

Finally, we reject Lorica's arguments that the BIA engaged in impermissible factfinding or violated her due process rights by denying her motion. The BIA appropriately considered the record when evaluating whether Lorica had established a prima facie case for relief, and, in doing so, the agency was not required to accept assertions that were vague or speculative. *See Silva*, 993 F.3d at 718. Likewise, Lorica's due process argument fails because it is premised on the argument, rejected above, that the BIA abused its discretion in denying the motion

4

to reopen.[1]

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

---

[1] Because we uphold the BIA's ruling on the ground that Lorica failed to establish prima facie eligibility for relief, we do not consider the BIA's alternative holdings that Lorica failed to establish both that country conditions had changed and that such changes were material to her claims for relief.